ANDREW J. CASE, PLAINTIFF IN ERROR, v. THE INHABITANTS OF TRENTON ET AL., DEFENDANTS IN ERROR.

Submitted July 12, 1908—Decided June 14, 1909.

1. Where a statute requires competitive bidding in awarding a contract for public work, each bidder should be compelled to conform to every substantial condition imposed upon other bidders in presenting his proposals, so that all bidders shall be put upon the same footing.
2. The award of a contract to a bidder who fails to give a description of the properties of the asphalt to be used and the proportion of the several ingredients in the wearing surface of a street pavement, as required by the conditions upon which bidders are to present proposals—*Held*, illegal.

---

On error to the Supreme Court.

For the plaintiff in error, *McCarter & English.*

For William F. McGovern, *Benjamin Godshalk.*

For the city of Trenton, *Charles E. Bird.*

The opinion of the court was delivered by

REED, J. The charter of the city of Trenton (*Pamph. L.* 1874, *p.* 385) declares that all contracts for doing work and furnishing materials for any improvement exceeding in amount $200 * * * shall at all times be given to the lowest bidder or bidders, who shall give satisfactory proof of his or their ability to furnish the requisite material and to perform the work properly and offer sufficient security for the faithful performance of the contract, in regard to time, quality of materials and work to be done.

On August 27th, 1906, the city clerk was instructed to advertise for proposals for the paving of Monmouth street and Chestnut avenue, in the city of Trenton.

In response to such advertisement two bids were received on September 4th, 1906, one from the Barber Asphalt Paving Company and the other from W. F. McGovern. These bids were referred to the city engineer and street committee. Notice was sent to the asphalt company on September 17th that a meeting of the street committee would be held on the evening of September 18th. A Mr. Brackett appeared for the asphalt company before the committee at that time and made a statement respecting the ability of the company to carry out the contract, for which a bid had been presented. On the same evening the committee reported in favor of accepting the bid of Mr. McGovern, and this report was adopted by the common council, which body awarded the contract to Mr. McGovern, although his bid was somewhat higher than that of the Barber Asphalt Company.

The prosecutor sued out a writ of *certiorari* to bring up this action of the common council, and in the Supreme Court alleged as reasons for the vacation of such action—*first,* that the contract should have been awarded to the Barber Asphalt Paving Company, as the lowest bidder, and *second,* that it should not have been awarded to W. F. McGovern because of his failure to conform to the conditions imposed upon those who were to submit bids for the work.

We agree with the Supreme Court that the action of the committee and common council in refusing to award the con-

tract to the Barber Asphalt Paving Company, although the lowest bidder, was not illegal. It appears from the testimony taken in this proceeding that the experience of the city with the Barber Asphalt Paving Company had been such as to give the city a right to believe that that company had not the ability to execute a contract in conformity with its terms. In these circumstances there is nothing to show that the failure to award the contract to that company was not in entire good faith, and upon justifiable ground.

We also agree with the Supreme Court that it is too late for that company to complain that no hearing before the common council was afforded to it. Mr. Brackett appeared before the street committee, sitting as a representative of common council, and no objection was raised by him that he was not being heard by the full council.

The remaining question is whether the contract was properly awarded to Mr. McGovern, the only other bidder. The substantial objection against the award to him is that he did not conform to the conditions imposed upon all the bidders.

The twenty-sixth requirement of these conditions reads: "No bid shall be considered unless samples of the materials to be used, and a sample of the wearing surface, have been deposited with the city engineer, and a receipt given therefor at least twenty-four hours before the time fixed for the opening of the bids." Again, condition No. 37 ends thus: "N. B. —Bidders will carefully study specifications and form before submitting proposal and will not forget to deliver samples required, at least twenty-four hours before the time fixed for opening bids."

The insistence upon the deposit of these samples with the engineer indicates the importance attached to their presence.

One purpose of the deposit of these samples was obviously to enable the engineer to ascertain whether they conformed to the description contained in the proposal; but another purpose was that they should remain as standards by which all materials furnished in executing the work could be compared.

The Supreme Court did not find, as a fact, that Mr. Mc-

Govern did not furnish the required samples, but decided that if he did not it was an irregularity which the city might waive. As we think this conclusion was not warranted, it follows that if our decision depended alone upon the point whether the samples were furnished, the cause should be remitted to the Supreme Court to find, as a fact, whether the samples were furnished in accordance with the requirement of the condition. But the decision does not depend alone upon the question whether McGovern delivered samples to the city engineer. It appears beyond question that McGovern failed to conform to another condition. Condition No. 4 was this: "The proposal must give a description of the properties of the asphalt for the purpose of street paving, designate the locality it is found, and where asphalt of the same quality as the sample has been used for street paving, and the length of time the pavements laid of the same quality as sample had been down, and the proportion of the several ingredients in the wearing surface of such street pavements that may be given as reference."

Mr. McGovern's declaration in supposed conformity with this requirement is this: "Obispo asphalt, mined in California. Streets laid after five years with obispo, and are in good condition. Also Union street, Kent and Monroe streets in this city." Now, it is difficult to see how the term "Obispo" describes the properties of the asphalt for the purpose of street paving. But there is no statement at all of the proportions of the several ingredients in the wearing surface of each street pavement that were given as references.

These omissions seem to be more than mere irregularities which the municipal authorities might waive. In consideration of the present situation, we are not to confine our view to this case and consider whether the contract with Mr. McGovern is a reasonable one, or as advantageous to the city as any contract which it will be likely to secure. We must consider the public policy which underlies the requirements of competitive bidding. The purpose of the statute requiring competitive bidding is that each bidder, actual or possible, shall be put upon the same footing. The municipal authori-

ties should not be permitted to waive any substantial variance between the conditions under which bids are invited and the proposals submitted. If one bidder is relieved from conforming to the conditions which imposes some duty upon him, or lays the ground for holding him to a strict performance of his contract, that bidder is not contracting in fair competition with those bidders who propose to be bound by all the conditions. This is the policy which prevents the modification of specifications after bids have been presented, and the awarding of the contract to one of the bidders based upon such revised specifications. *Scola* v. *Board of Education,* decided at November Term, 1908, of the Supreme Court, and cases cited; *Shaw* v. *Trenton,* 20 *Vroom* 339; *Van Reipen* v. *Jersey City,* 29 *Id.* 262.

Nor is the reason for enforcing this rule any the weaker because McGovern remained the only bidder after the exclusion of the Barber Asphalt Paving Company.

The ground for enforcing the rule is because no other persons were invited to bid upon the terms upon which the contract was awarded to McGovern.

The presence of the condition may have deterred others from bidding who would have bid had they known that these conditions would be waived.

Because Mr. McGovern failed to conform to substantial conditions under which all proposals were to be presented, we are of the opinion that the resolution awarding the contract to him should be vacated, and the judgment of the Supreme Court should be reversed, so far as it affirms the said resolution.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, J.J.  13.