MARIE I. SMITH, PROSECUTOR, v. BOARD OF COMMIS-
SIONERS OF THE CITY OF ATLANTIC CITY ET AL.,
DEFENDANTS.

Argued February 23, 1927—Decided March 18, 1927.

**Municipalities—Awards of Contracts—Lowest Bidder—Award
was to Lowest—No Reason Found For Setting it Aside at
Instance of a Taxpayer.**

On *certiorari.* On *mandamus.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Emerson L. Richards* and *John C.
Reed.*

For the defendants, *Joseph B. Perskie.*

PER CURIAM.

Case No. 271 is a *certiorari* to review an award of a con-
tract to Riggs, Distler & Company for $509,000 for a heating
system in the convention hall at Atlantic City, New Jersey,
at the instance of a taxpayer. Case No. 272 is a rule to
show cause why a writ of *mandamus* should not issue direct-
ing the award of the contract to be made to the next highest
bidder, John H. Cooney, for $510,812. In these cases it is
probably of more importance that a prompt decision be ren-
dered than the form in which the decision may be expressed.

We have examined these cases with the following result:

*First.* We are unwilling to set aside the award of the con-
tract in this case to Riggs, Distler & Company for $509,000
on the sole ground that the specifications invite "alternative
bids." The cases of *Armitage* v. *Newark,* 86 *N. J. L.* 5;
*Tice* v. *Long Branch,* 98 *Id.* 214, are not in point on the facts.
Our research has revealed no case in which this point has been
directly considered.

*Second.* We can find no evidence that the specifications have been unfairly manipulated in favor of the contractors to whom the award was made.

*Third.* The *addendum* provides: Nos. 3 (2) "Under the Vacuum Heating System necessary apparatus, specialties and valves as manufactured by Dunham Co., Barnes & Jones, or other approved standard makes, shall be considered as equal to Warren & Webster specialties, valves, traps," &c. Under this clause $3,000 was deducted from Riggs, Distler & Company bid of $512,000, thus reducing the bid to $509,000, making it the lowest bid and next to that of John H. Cooney of $510,812, to which $2,000 was to be added if the Warren & Webster specialties were adopted.

*Fourth.* The writ of *certiorari* is a discretionary writ. The suit is not a personal action. In the absence of fraud or manifest manipulation the award in this case should not be set aside at the instance of a taxpayer.

The cases of *McCarty v. Boulevard Commissioners,* 91 *N. J. L.* 142; *affirmed,* 92 *Id.* 519; *Atlantic Gas, &c., Co.* v. *Atlantic City,* 73 *Id.* 360, should be applied.

Our conclusions are in Case No. 271 the writ of *certiorari* should be dismissed and the award of the contract to Riggs, Distler & Company confirmed.

In Case No. 272 the rule to show cause should be discharged. No costs allowed.