MARIE T. SMITH, APPELLANT, v. BOARD OF COMMIS-
SIONERS OF THE CITY OF ATLANTIC CITY AND RIGGS,
DISTLER & COMPANY, INCORPORATED, RESPOND-
ENTS.

Submitted May 27, 1927—Decided October 17, 1927.

For the appellant, *John C. Reed* and *Emerson L. Richards.*

For the respondent Atlantic City, *Joseph B. Perskie.*

For the respondent Riggs, Distler & Co., *Joseph Altman.*

The opinion of the court was delivered by

LLOYD, J.   In the construction of a convention hall at
Atlantic City an award was made by the board of commis-
sioners of that city to Riggs, Distler & Co., Incorporated, for
doing the work and supplying the materials required for the
heating and ventilating of the hall.   A writ of *certiorari* was
allowed to Marie T. Smith, a taxpayer, to test the legality of
this award.

The city had advertised for proposals and rejected all bids
received thereunder.   On November 12th, 1926, having re-
vised the plans and specifications, it again advertised for bids
to be submitted December 2d, 1926.

Among the provisions of the plans and specifications was
one which provided that "the contractor must submit a bid
covering every item that is specified, and should he wish to

suggest any substitute that he considers equal in value and efficiency with the one specified, he shall state what the item suggested is, and what the difference in cost is, if any," and that in the event of acceptance the change would be noted in the contract.

The original plans and specifications called for Warren Webster specialties, valves, traps, &c. The revised specifications were supplemented by an addendum in which the same specialties, valves, traps, &c., as manufactured by Dunham & Co., Barnes & Jones or other approved standard makes were declared equal to those supplied by Warren Webster.

Among the bids received on December 2d, 1926, was one from John H. Cooney, Incorporated, for $510,812, and from Riggs, Distler & Co., Incorporated, for $512,000, to which latter bid was added an alternative bid reducing the amount by $3,000 if Dunham specialties were accepted. This alternative bid was accepted and the contract awarded to Riggs, Distler & Co., Incorporated, at the sum of $509,000. On this state of facts the Supreme Court dismissed the writ of *certiorari*.

Without passing on the validity or propriety of the method pursued by the commissioners, as above set forth, we think it is quite clear that the appellant here (relator below) suffered no injury, either personally or as a taxpayer, from the award on the alternative bid of Riggs, Distler & Co., Incorporated, which was for the sum of $1,812 less than the next lowest bid. She, therefore, is without standing to contest the award and thereby arrest the further progress of the construction of the hall and its equipment. *McCarty* v. *Boulevard Commissioners of Hudson County,* 91 *N. J. L.* 137; *affirmed (Court of Errors and Appeals),* 92 *Id.* 519. For this reason we think the writ was properly dismissed.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, HETFIELD, DEAR, JJ. 9.

*For reversal*—None.