RALPH TUFANO, PROSECUTOR, v. BOROUGH OF CLIFF-
SIDE PARK, IN THE COUNTY OF BERGEN, A MUNICI-
PAL CORPORATION, AND RUSSO TRUCKING COM-
PANY, DEFENDANTS.

Submitted October 14, 1932—Decided April 15, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Florence M. North-Allard.*

For the defendants, *Joseph W. Marini.*

The opinion of the court was delivered by

HEHER, J. The prosecutor of this *certiorari* attacks the
validity of a resolution of the council of the borough of Cliff-
side Park, awarding to defendant Russo Trucking Company
a contract for the removal of garbage and ashes. This com-
pany submitted the lowest bid, but it is contended that there

was a failure to comply with the specifications which disentitled it to the award made.

In accordance with the provisions of chapter 137 of the laws of 1925 (*Pamph. L.* 1925, *p.* 366), the governing body publicly advertised for bids for the collection and disposal of ashes, garbage and other material, during the stated period, according to specifications then on file in the office of the borough clerk. The notice directed each bidder to deposit with his bid ten per cent. of the amount thereof, and the specifications required the contractor to dispose of said waste material beyond the borough limits, and for that purpose to provide an adequate dumping ground. The specifications further provided that the bidder "must, with his bid for the work to be done under these specifications, submit to the borough council either legal proof of the ownership of such place of deposit or dump, or a written lease for the same, permitting him to use the premises for the purpose aforesaid during the full term for which the contract is awarded, with the right or privilege to assign said lease to the borough * * *." The contractor was also required, in event of the award to him, to assign to the borough the right to use said place of deposit "through other contractors, agents or employes, for the purpose aforesaid, and for the full term of said contract, in the event that the said contractor, after entering into contract with the borough for said work, should lose or be in any way deprived of the right or the ability to perform the same."

The specifications also required the bidder to submit, with his bid, municipal consents (called certificates of approval) to the transportation of garbage "through the various municipalities to the final place of deposit."

The prosecutor contends that the trucking company (the successful bidder) did not comply with these requirements of the specifications, and that therefore the resolution brought up for review is invalid.

There is a preliminary question that must first be disposed of. Defendants challenge the interest of the prosecutor. They assert that he is neither a citizen nor a taxpayer of the

borough, and that while he was the next lowest bidder, he could not in that capacity attack the award because the dumping permit issued by the borough of East Rutherford, which accompanied his bid, had been revoked prior to the submission of the bid, and that the transportation permit issued by the borough of Carlstadt, which also accompanied his bid, was revoked before the award of the contract. The specifications did not require a dumping permit, but in any event such permit accompanied the bid, and the record does not furnish a basis for the finding that there had been an effective revocation thereof.

As to the requirement of a transportation permit, the parties stipulated that prosecutor's bid was accompanied by "certificates of approval and permits for the transportation of garbage through the various municipalities to the final place of deposit." The prosecutor, therefore, as the next lowest bidder, has an interest which entitles him to prosecute this writ.

It is conceded that the bid of the defendant trucking company was not accompanied by proof of ownership of a dumping ground, or a written lease for the same containing the provisions set forth in the specifications, and a certificate of approval for the transportation of garbage through the various municipalities to the final place of deposit. The bid was accompanied by a letter from a firm of lawyers, advising the trucking company that they were prepared, in the event of the award of the contract, to lease a property in the town of North Bergen (without identifying it), "on our usual terms and conditions with you." This obviously was not a compliance with that particular provision of the specifications. The lease subsequently tendered by the trucking company covered lands in the town of Secaucus. The transportation certificates did not accompany the bid, although they were filed later.

The failure of the trucking company to comply with the specifications in the respects indicated deprived it of the right to the award. Public policy underlies the requirements of competitive bidding. The purpose of the statute is that

each bidder, actual or possible, shall be put upon the same footing. The municipal authorities should not be permitted to waive any substantial variance between the conditions under which bids are invited and the proposals submitted. If one bidder is relieved from conforming to the conditions which imposes some duty upon him, or lays the ground for holding him to a strict performance of his contract, that bidder is not contracting in fair competition with those bidders who propose to be bound by all the conditions. This is the policy which prevents the modification of specifications after bids have been presented, and the awarding of the contract to one of the bidders based upon such revised specifications. *Case* v. *Trenton,* 76 *N. J. L.* 696; *Hornung* v. *West New York,* 82 *Id.* 266. The lowest bidder, within the intendment of the statute, is one whose bid is not only the lowest for the work to be done or the articles to be furnished, but conforms to the requirements of the notice to bidders.

It is suggested that there was a "mere technical irregularity" and not a substantial variance, in the failure of the trucking company to conform to the requirements of the notice. But this is not the case. These provisions were designed to protect the municipality against irresponsible bidders. Their obvious purpose was to compel the bidder to establish, before the award was made, his ability to perform the contract. To permit one bidder to ignore these requirements would give him an advantage over the others, and to permit him to supply the deficiency later, and after the bids were opened, would open the door to fraud and favoritism, and defeat the statutory purpose of protection to the taxpayer.

It therefore follows that the resolution awarding the contract to the trucking company should be vacated and set aside, and that will be the order.