Plaintiff Albanese, in his status as a taxpayer, has made a motion for summary judgment in this proceeding in lieu ofcertiorari attacking the validity of a resolution of the Board of Commissioners of the Township of North Bergen awarding a garbage removal contract to defendant partnership, Hudson Sanitation Company, the successful low bidder.
Plaintiff Mastrangelo, the only other and unsuccessful higher bidder, does not join in the motion, apparently because he concedes he has no standing in court because of his failure to comply with the specifications for bids. Waszen v. AtlanticCity, 1 N.J. 272 (1949); Solomon v. Newark, 137 N.J.L. 247
(Sup. Ct. 1948); Travis v. Highlands, 136 N.J.L. 199 (Sup.Ct. 1947).
Plaintiff taxpayer contends that defendant Hudson Sanitation Company also failed to comply with the specifications for bidders and was disentitled to the award. I find it necessary to consider but one of the several respects in which non-compliance with the specifications is charged, namely, that defendant Hudson Sanitation Company's bid was not accompanied, as the specifications required, by "a certificate from a surety company authorized to do business in the State of New Jersey asserting that said company will provide the bidder with a bond requiredby the contract, should the bidder be awarded the contract."
It is conceded that defendant tendered with its bid, not a surety company's certificate to provide the bidder with a performance bond, but rather a surety company bond in the penal amount of $5,000 conditioned that the Sanitation Company "will within the required time after notification of acceptance of principal's bid * * * and in accordance with the terms of said proposal and acceptance enter into a contract for the completion of said work and give the required bond with good and sufficientsurety for the faithful performance thereof." Defendant insists this is substantial compliance with the specification. I cannot agree. The bid was *Page 608 
in the amount of $74,900 and the specification patently contemplated as a prerequisite to consideration of the bid that the municipality have assurance that the bidder if awarded the contract could supply a performance bond in the amount of the contract. The $5,000 bond was neither a performance bond nor an obligation of the surety company to supply a performance bond. The non-compliance was in respect of a material requirement and defendant Hudson Sanitation Company was not legally entitled to the award. See Winters et al. v. United States (U.S.Ct. Cl.,
July 11, 1949), 84 F. Supp. 756.
Nor was the deficiency cured by the fact that after the award was made defendant Hudson Sanitation Company did tender a performance bond in the amount of $74,900. Tufano v. CliffsidePark, 110 N.J.L. 370 (Sup. Ct. 1932). In that case a resolution awarding a garbage contract was set aside because the successful bidder's bid failed to comply with the specifications in that it was not accompanied by proof of ownership of a dumping ground or a written lease for the same. Mr. Justice Heher's holding is equally applicable here:
"Their (the specifications) obvious purpose was to compel the bidder to establish, before the award was made, his ability to perform the contract. To permit one bidder to ignore these requirements would give him an advantage over the others, and to permit him to supply the deficiency later, and after the bids were opened, would open the door to fraud and favoritism, and defeat the statutory purpose of protection to the taxpayer."
Defendants argue however that since the resolution awarded the contract to the lowest bidder it cannot be set aside at the suit of a taxpayer having no personal interest at stake. They rely onMcCarty v. Boulevard Commissioners of Hudson County,91 N.J.L. 137 (Sup. Ct. 1917); affirmed, 92 N.J.L. 519; Smithv. Atlantic City, 104 N.J.L. 143 (E. A. 1927); AtlanticGas Water Co. v. Atlantic City, 73 N.J.L. 360 (Sup. Ct.
1906); Tallon v. Hoboken, 60 N.J.L. 212 (E. A. 1897). Those decisions are not controlling here. The requirement of substantial compliance with bid specifications is to prevent the opening of the door to fraud and favoritism. Tufano v. CliffsidePark, supra. *Page 609 
The upholding of this public policy is obviously a matter of common concern to all taxpayers. That policy would be defeated by sustaining defendants' contention because no recourse could be had by anyone to correct the patent illegality of the award under review in this case. The Appellate Division has considered at length the reasons impelling recognition of a taxpayer's standing to question the action of public bodies where actual misconduct is alleged. Haines v. Burlington County Bridge Commission,1 N.J. Super. 163, at p. 170 (App. Div. 1949). There is no suggestion of actual fraud or favoritism in this case but a public policy grounded on their avoidance equally justifies recognition of a taxpayer's standing to maintain an action to protect it.
Plaintiff taxpayer's motion for summary judgment is granted and it is ordered that the challenged resolution be vacated and set aside.