54 N.J. Super. 219 (1959)
148 A.2d 632
IRVING BELOUSOFSKY, TRADING AS BLANCKE ELECTRIC CO., PLAINTIFF-APPELLANT,
v.
BOARD OF EDUCATION OF THE CITY OF LINDEN, ETC., AND FELIX C. HEICK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1959.
Decided February 25, 1959.
*220 Before Judges SCHETTINO, HALL and GAULKIN.
Mr. Stanley Tannenbaum argued the cause for plaintiff-appellant (Mr. Nathan Reibel, attorney).
*221 Mr. Sam J. Abraham argued the cause for defendant-respondent the Board of Education (Messrs. Magner & Abraham, attorneys; Mr. Leo Kahn on the brief).
No appearance for defendant-respondent Felix C. Heick.
PER CURIAM.
This is an action in lieu of prerogative writ in which plaintiff seeks to compel the defendant board to accept his bid for lighting fixtures and electrical work, and to enjoin the acceptance of the bid of Heick. There was summary judgment against plaintiff and he appeals.
The specifications provided that "In all cases where fluorescent lighting fixtures are specified, they shall be Pittsburgh `Norwin,' 40 watt fixtures or Equal approved." The "summary of equipment required" contained in the specifications identified "Pittsburgh" as Pittsburgh Reflector Company and gave the model numbers of the Pittsburgh fixtures, the lengths and the shielding. In capital letters headed "NOTE," the specifications warned that "A BIDDER INTENDING TO FURNISH AN `OR EQUAL' IN PLACE OF THE ITEM SPECIFIED MUST SUBMIT THE NAME ON THE PROPOSAL SHEET OF THE `OR EQUAL' THAT HE INTENDS TO FURNISH UNDER THE BID."
Plaintiff's bid was (emphasis ours) "* * * to furnish all labor and materials for ELECTRIC WORK  LIGHTING FIXTURES for the various schools in Linden, New Jersey, according to specifications dated July 7, 1958, prepared by Mrs. B. Evans, Purchasing Agent, Board of Education for Ten Thousand one hundred seventy, thirty three Dollars ($10,171.33). [sic] Alternate bid if Smithcraft is used. Nine Thousand Four Hundred Twenty Seven. One Cent ($9,427.01)."
It seems to us beyond dispute that an adequate description of the fixture offered as the equal to Pittsburgh "Norwin" was required by these specifications, and essential. The description by "name" called for by the specifications obviously meant the model name (like "Norwin") if the *222 manufacturer made more than one model. By the use of such a name in the bid the bidder's obligation would have been made certain and the board would have been able, by the advice of its experts or otherwise, to determine whether the named fixture was the equal of the Pittsburgh "Norwin." Here there was nothing in the bid to indicate whether Smithcraft was the name of a manufacturer or of a fixture, nor was there any description of the fixture which plaintiff proposed to furnish. In the proofs submitted upon the motion for summary judgment it developed that Smithcraft is not the name of a fixture but the name of a manufacturer  the "Smithcraft Lighting Division of A.L. Smith Iron Company." Moreover, the literature of Smithcraft showed that it manufactured nine different types of fixtures which it recommended for school use. It was therefore impossible, even for an expert, to determine from the bid which fixture plaintiff proposed to furnish.
On its face this bid is too uncertain to be valid. However, appellant argues that the bid was saved from invalidity because (1) plaintiff had previously installed Smithcraft "Federal" fixtures (and no others) in the Linden schools and therefore the board knew that he meant to install "Federal" again and (2) even if the board cannot be held to have known what fixture he meant, plaintiff should have been afforded an opportunity to produce a Smithcraft fixture and prove that it was "equal." Plaintiff argues that it was not necessary to identify the proposed fixture at all  that it would have been sufficient if the bid said "I will supply an equal." As plaintiff puts it in his brief "The only substantive requirement of the specifications, where a bid on a fixture other than `Pittsburgh Norwin' was involved, was that it be an `equal.' * * * As applied to this case, this means that if, after the bids are opened, plaintiff * * * does in fact supply an `equal,' the plaintiff, as the lowest bidder, is entitled to the contract."
We find no merit in plaintiff's position. When essential information is missing from a bid when it is opened it may not be supplied then or thereafter by the private *223 understanding of the bidder and the board, nor otherwise. Any other rule would not only be contrary to the letter of R.S. 18:6-26, but subversive as well of the purpose and intent of the statute for the reasons fully stated in Hillside Township, Union County v. Sternin, 25 N.J. 317, at pages 322-323 and 324-323 (1957). As was pointed out in that case, the two paramount aims of such statutes are that all bidders bid upon the same thing, and that the public know clearly what the bidder must give and the municipality receive, for a consideration plainly stated. These aims would be defeated if a bidder were permitted to supplement his bid in essential details by private understandings or otherwise. The opportunities for favoritism if this were permitted are as obvious as they would be enormous. As has frequently been said, "In this field it is better to leave the door tightly closed than to permit it to be ajar." Hillside Township v. Sternin, supra. Cf., Case v. Inhabitants of Trenton, 76 N.J.L. 696 (E. & A. 1909); Armitage v. City of Newark, 86 N.J.L. 5 (Sup. Ct. 1914); Tufano v. Borough of Cliffside Park, 110 N.J.L. 370 (Sup. Ct. 1932); Albanese v. Machetto, 7 N.J. Super. 188 (App. Div. 1950).
If plaintiff's second contention were correct, no bidder would have to describe the proposed fixture. He could wait until he saw what his competitor offered, and then offer a better one. On the other hand if he had no competition he could offer the cheapest one that would still be equal to the minimum required by the specifications.
Since the bid was invalid for the reasons stated, no hearing was required, nor would one have been justified. Cf., William A. Carey & Co. v. Borough of Fair Lawn, 37 N.J. Super. 159, 169 (App. Div. 1955).
Affirmed.