135 N.J. Super. 117 (1975)
342 A.2d 865
A & S TRANSPORTATION CO., OCEAN DISPOSAL CO., INC., BOTH NEW JERSEY CORPORATIONS (A JOINT VENTURE) AND RONALD T. KILEY, PLAINTIFFS-RESPONDENTS,
v.
BERGEN COUNTY SEWER AUTHORITY, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, AND GENERAL MARINE TRANSPORT CORP., A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1975.
Decided June 27, 1975.
*119 Before Judges COLLESTER, LORA and HANDLER.
Mr. David Carmel argued the cause for appellant Bergen County Sewer Authority (Messrs Gross, Demetrakis and Sinisi, attorneys).
Mr. Jared Stamell, attorney of the State of New York, argued the cause for appellant General Marine Transport Corp. (Mr. Harry Melnick, attorney).
Mr. Richard C. Cooper argued the cause for respondents (Messrs. McCarter and English, attorneys; Mr. Robert M. Becker on the brief).
PER CURIAM.
We affirm substantially for the reasons expressed in the opinion of Judge Pressler reported at 133 N.J. Super. 266 (Law Div. 1975).
However, we do not subscribe to so much of the opinion which holds that because of inherent incomparability and the self-defeating consequence of a predetermined WPI increase for comparison purposes, it is improper to require bidders to submit both a fixed price and a flexible bid since it would never be possible to determine in advance of the actual future determination of the index which of the bids would yield the lower actual cost.
It is our view that the Bergen County Sewer Authority would not be precluded from considering alternative bids or circumscribed with respect to the business judgment involved in determining whether to accept one alternative as against another if the Authority included in its specifications, for comparative purposes only, the particular estimate which it was going to utilize with respect to the average distance to the Dump Site B, as well as its estimate as to the average rate of *120 inflation or price fluctuation in the Wholesale Price Index of Industrial Commodities, for the flexible price bid. Each bidder could then be compared by an objective standard and the lowest bidder could be determined for each alternative bid. Cf. James Petrozello v. Chatham Township, 75 N.J. Super. 173 (App. Div. 1962). It would then be a matter of business judgment on the part of the Authority to determine which alternative to select.
Obviously, the specifications should clearly set forth that the estimates incorporated therein for purposes of comparison of bids do not constitute any representation by the Authority that at the time of performance by the successful bidder those factors would actually exist.