A & D CONSTRUCTION, INC., PLAINTIFF, v. THE CITY OF VINELAND, A MUNICIPAL CORPORATION, AND COMMERCIAL CONCRETE, INC., DEFENDANTS.

Superior Court of New Jersey
Law Division Cumberland County

Decided July 17, 1980.

*Michael Capizola* for plaintiff (*Shapiro, Eisenstat, Capizola, O'Neill & Gabage*, P. C., attorneys).

*Joseph Hoffman, Jr.* for defendant Commercial Concrete, Inc.

*Edward Duffy* for defendant City of Vineland (*Milstead & Ridgway*, attorneys).

MILLER, J. S. C.

Plaintiff A & D Construction, Inc. commenced this action in lieu of prerogative writ against defendants City of Vineland and Commercial Concrete, Inc., seeking an injunction restraining defendants from executing certain contracts for the performance of public construction work, enjoining the city from accepting the bid of defendant Commercial Concrete, Inc., and declaring a resolution of city council invalid as to the bidding process and directing the city to accept its bid. The parties stipulated the facts, which are as follows:

The City of Vineland advertised, requesting competitive bids for a project known as the North East Quadrant Sidewalk and Curb Project on April 22, 1980. The bid package contained detailed instructions plus an "addenda" which further explained the project. Five bids were received. They were:

| | |
|---|---|
| Commercial Concrete, Inc. | $42,568.60 |
| Marandino Construction | 44,359.70 |
| M. J. Concrete Co. | 49,923.84 |
| Leming Construction Co. | 54,609.50 |
| Harry Fiocchi Construction | 59,714.80 |

Due to the confusion in the specifications the city felt rebidding was necessary and, on May 14, 1980, city council rejected all bids. Letters of rejection were mailed and new bids were sought.

New bids were received on May 27, 1980. Only two bids were submitted. Plaintiff A & D Construction submitted a low bid of $36,634.50. Commercial Concrete did not rebid. After receiving plaintiff's bid city council passed a resolution rescinding the May 14, 1980 action which rejected all bids. City council awarded the project to Commercial Concrete upon a recalculation of its

proposal based on per unit prices which reduced its figure to $38,351.25. Defendant Commercial Concrete executed a contract with the City of Vineland and posted a performance bond. This suit followed.

In reviewing the actions of the City of Vineland the question presented is whether a municipal corporation may revive a bid previously rejected.

Plaintiff attacks the validity of the city council's resolution rescinding the prior rejection of all bids and reviving defendant Commercial Concrete's bid for purposes of awarding the contract.

Defendant Commercial Concrete takes the position that the action of council was within its discretion and that the award was proper since they were the low bidders initially.

The law governing the award of public contracts by municipalities is contained in *N.J.S.A.* 40A:11–1 *et seq.* All purchase contracts or agreements which require public advertisement for bids must be awarded to the lowest responsible bidder, *N.J.S.A.* 40A:11–6.1.

■ Both plaintiff and defendant Commercial Concrete were low bidders in two separate series of bids. The first set of bids was rejected. Where the right to do so is reserved, a governing body may reject all bids, 10 *McQuillin* Municipal Corporations (3 ed.), § 29.77; *Princeton Disposal Service, Inc. v. North Brunswick Tp.*, 154 *N.J.Super.* 488 (App.Div.1977); Annot., "Right of public authorities to reject all bids for public work or contract", 31 *A.L.R.2d* 469, (1952).

■ Thus, the rejection of the first set of bids was proper, particularly in view of the confusion or ambiguity created by the specifications prepared by defendant city. Bidding requirements, particularly those involving material terms, should be unmistakably clear since vague, ambiguous and conflicting terms may seriously affect the purpose of competitive bidding. *L. Pucillo & Sons, Inc. v. New Milford*, 73 *N.J.* 349 (1977).

■ If a bid is once formally rejected, it cannot be subsequently accepted so as to bind the bidder. 10 *McQuillin, supra* § 29.79 (citing *Brush Elec. Light Co. v. Cincinnati,* 11 *Ohio Dec.* 581). Nevertheless, Commercial Concrete seeks to be bound by its bid, maintaining that Vineland had the discretion to reconsider the first set of bids. Commercial relies upon a West Virginia decision captioned *Harrison v. City of Huntington,* 93 *S.E.2d* 221 (Sup.Ct.App.1956).

In that case a governing body rejected the two bids received from paving contractors. Three days later the council held a special meeting to reconsider the bids. The court held that the action by council in reconsidering the bids was within its discretion based upon parliamentary rules governing the City of Huntington and the clear lack of any fraud, violation of trust or abuse of discretion.

■ This is not the same situation. Here the subject matter of the bids had been altered and different bidders interjected themselves. In *Harrison* everything remained unchanged between the rejection and the reconsideration. The difference is obvious.

Reconsideration of the rejection of the first set of bids was improper and an abuse of discretion. The low bid by plaintiff in the second set was the only bid properly before the council. Once rejected, the bids were no longer valid and could not be reconsidered. This is the only logical and fair conclusion in view of the public policy considerations of *Title* 40A:

> The long–standing judicial policy in construing cases governed by the Local Public Contracts Law, *N.J.S.A.* 40A:11–1 *et seq.* and its predecessors, has been to curtail the discretion of local authorities by demanding strict compliance with public bidding guidelines. See, *e. g. Hillside Tp. v. Sternin, supra,* 25 *N.J.* [317] at 325–26 [136 *A.2d* 265]; *A.C. Schultes & Sons v. Haddon Tp.,* 8 *N.J.* 103, 108, 83 *A.2d* 896 (1951); *Waszen v. City of Atlantic City, supra,* 1 *N.J.* [272] at 283, 63 *A.* 2d 255 (1949); *J. Turco Paving Con., Inc. v. City Council of Orange,* 89 *N.J.Super.* 93, 103, 213 *A.2d* 865 (App.Div.1965); *Belousofsky v. Board of Education of City of Linden,* 54 *N.J.Super.* 219, 223, 148 *A.2d* 632 (App.Div.1957); *Case v. Trenton,* 76 *N.J.L.* 696, 700, 74 *A.* 672 (E. & A. 1909) *Armitage v. Newark,* 86 *N.J.L.* 5, 10, 90 *A.* 1035 (Sup.Ct.1914). Bearing in mind the purposes of the act–"to guard against favoritism, improvidence, extravagance and corruption" and "to secure for the public the benefits of unfettered competition", *Terminal Const. Corp. v. Atlantic Cty. Sewerage Auth.,* 67 *N.J.* 403, 410, 341 *A.2d*

327 (1975)–our courts have adopted this approach largely as a prophylactic measure. As Justice Francis observed in *Hillside Tp. v. Sternin, supra*: In this field it is better to leave the door tightly closed than to permit it to be ajar, thus necessitating forevermore in such cases speculation as to whether or not it was purposely left that way. [25 *N.J.* at 326, 136 *A.*2d at 270] 73 *N.J.* 349, 356

■ Competitive bidding on public contracts is a stable principle of public policy. The City of Vineland's action thwarts the underlying purpose to guard against favoritism, improvidence, extravagance, etc. The courts must curtail the discretion of local authorities by demanding strict compliance with public bidding guidelines. *L. Pucillo & Sons Inc. v. New Milford, supra, A & S Transp. Co. v. Bergen Cty. Sewer Auth.,* 133 *N.J.Super.* 266 (Law Div.1975), aff'd 135 *N.J.Super.* 117 (App.Div.1975). Even where the bidding practice is capable of being used to further corrupt ends or likely to affect adversely the bidding process, it should be rejected. *Marvec Allstate, Inc. v. Gray & Fear, Inc.,* 148 *N.J.Super.* 481 (App.Div.1977).

The bidding process involves a detailed and often expensive course of preparation by each bidder. While a governing body may, and often should, reject and readvertise, it should do so with circumspection. If a municipality develops a reputation for vacillation and rejection of bids, sometimes to obtain a lower bid, it will cease to attract valid and responsible bidders. This right, like the Sword of Damocles, hangs upon a slender thread.

It necessarily follows that the action of the City of Vineland in rescinding its rejection of the first set of bids and accepting defendant Commercial Concrete's bid was void and must be set aside.