**O. J. PHOTO SUPPLY, INC., a corporation, Plaintiff-Appellant,**

v.

**Gene McNARY, etc. et al., Defendants-Respondents.**

**No. 41483.**

Missouri Court of Appeals, Eastern District, Division One.

Nov. 25, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied March 9, 1981.

Gerald Tockman, Louis N. Laderman, St. Louis, for plaintiff-appellant.

Marilyn K. Wallach, Asst. County Counselor, Thomas Wehrle, County Counselor, Clayton, for defendants-respondents.

Charles E. Roth, Clayton, for W. Schiller.

STEWART, Presiding Judge.

Action for injunctive and declaratory relief brought by O. J. Photo Supply, Inc., an unsuccessful bidder for a contract with St. Louis County. The defendants are W. Schiller and Company, the successful bidder, Gene McNary, the Supervisor of St. Louis County, John Lucks, its Director of Administration, and Bruce Kendrick, the Director of the Division of Purchasing. We shall refer to O. J. Photo Supply, Inc., as plaintiff. The members of the executive departments of St. Louis County, who have been sued, will be referred to as the County and W. Schiller and Company will be referred to as Schiller. We will refer to defendants collectively as defendants. We affirm.

Plaintiff contends that the court erred in dismissing its petition for injunctive relief because there was no adequate remedy at law and because the injunction would serve to protect the public interest. The conclusion that we reach makes it unnecessary to discuss this issue. We face the single issue of whether it was proper for St. Louis County to consider a discount as a factor in the evaluation of the bids to determine the lowest bidder.

On October 9, 1978 the County issued an invitation for bid for photographic supplies for its various departments. The items the County desired to purchase were broken down into nine groups. The invitation to bid along with other terms and conditions contained the following provisions:

"The price or prices specified in this quotation are firm and are not subject to contingence or reservation."

"V. BID AWARD

The bid is to be awarded to one, total low bidder; or multiple bidders (not to exceed two); whichever is more advantageous to the County. St. Louis County reserves the right to not award any contract item.

VI. EVALUATION METHOD

The award is to be based on lowest total bid for estimated annual usage, by group, firm pricing, and past performance."

"DISCOUNTS AND BID EVALUATION

Discounts offered for prompt payment will be considered in bid evaluation."

Bids were submitted by Schiller, VWR Scientific, Inc. and plaintiff. In submitting the bids Schiller offered a 2% discount if payment was made on or before the twentieth day from the date of delivery. VWR Scientific, Inc. offered a 1% discount if payment was made within ten days of delivery. Plaintiff offered no discount.

The County analyzed the bids to determine the lowest responsible bidder. In its analysis it took into consideration the discounts offered by Schiller and VWR Scientific, Inc. and awarded Groups I, III, IV and VI to Schiller and Groups II, V, VII, VIII and IX to plaintiff.

Plaintiff centers its attack upon Group I where the bids of plaintiff and Schiller were as follows:

|  | O. J. Photo | Schiller |
|---|---|---|
| Pre-discount | $ 78,522.86 | $ 79,038.00 |
| Post-discount | 78,522.86 | 77,457.24 |

There is no question but that all bidders were responsible. The bid of Schiller was determined to be the lowest bid because the County took the discount into consideration in determining who had the lowest bid.

Plaintiff was aware that the County had a policy of considering discounts in the evaluation of bids for goods and services. In the year before plaintiff had been awarded a contract based on a bid in which it offered a discount of 1% if payment was made within ten days. Plaintiff's invoices in that year did not contain a statement of the terms of payment and no discounts were taken. Discounts were taken by the County with respect to other suppliers as evidenced by County's exhibits. The invoices of other suppliers contained the terms of payment which included the discount. Plaintiff testified that it did not offer a discount in its bid with respect to the contract let to Schiller because the County had not taken advantage of the discount in the previous year and it was too much trouble for plaintiff to monitor the invoices to determine whether payments were timely.

County publishes a pamphlet that had been available to the public for some four years entitled Purchasing Procedures.[1] Among other items it contains the following:

"DISCOUNTS

Unless otherwise designated in the specifications, a discount for prompt payment of invoice will be considered in the evaluation of bids to determine the lowest responsible bidder."

"PAYMENT OF INVOICES

The Department of Administration has set up several rules governing the pay-

1. Plaintiff's general manager testified that he was unaware of the pamphlet.

ment of invoices. No invoice will be honored for payment until notice has been received in the Accounting Division that the goods or services have been received and that they have been inspected and found to be as ordered and that the payments are in accordance with Purchasing, Budget, and the appropriate operating Department's policies and procedures. It is County policy that invoices will be paid in time to take advantage of discount terms offered by the vendor."

Before considering the principal issue we take note of the fact that in the argument portion of the brief plaintiff attacks the award of the contract on the ground that the granting of a discount violates the "firm pricing" provisions of the invitation to bid. We cannot read this issue into the point relied on. It is also apparent that defendants did not read the point as raising that issue because they do not address that issue in their brief. Issues raised for the first time in the argument will not be considered by the court. Rule 84.04(d); *Sebree v. Rosen*, 374 S.W.2d 132, 141 (Mo.1964).

We will comment, however, that in taking the discount the vendor is not changing the price on the individual items bid upon by it. The discount has no bearing on the price of the materials or services rendered by a bidder. To hold otherwise would mean that terms of payment could not be made a part of governmental contracts.

Plaintiff's principal point relied on is that the court erred in declaring that it was proper to consider the discount factor because County had not taken the discount offered by it in the 1977–1978 contract with plaintiff and because it was violative of the statutory mandate that contracts be awarded to the lowest responsible bidder. The issue presented is one of first impression. Counsel has cited no authority on point and we have found only one case that discusses the issue.

Pertinent to our discussion, § 50.660 RSMo 1969 provided:

"All contracts and purchases shall be let to the lowest and best bidder ..."

It is also provided in St. Louis County Revised Ordinances (1974):

"107.120 Competitive Bidding Required.—All purchases of and contracts for supplies and contractual services shall, except as specifically provided herein, be based whenever possible, on competitive bids. All sales of personal property which has become obsolete and unusable shall, except as specifically provided herein, be based whenever possible on competitive bids.

107.130 Formal Contract Procedure.— All supplies and contractual services, except as otherwise provided herein, when the estimated cost thereof shall exceed Six Thousand Dollars ($6,000), shall be purchased by formal written contract from the lowest responsible bidder, after due notice inviting proposals:

. . . . .

(5) The [Purchasing] Agent shall have the authority to award contracts within the purview of this chapter. Contracts shall be awarded to the lowest responsible bidder."

Such provisions are generally common to most governmental bodies.

It is generally held that the purposes of such legislative requirements "are for the purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud and corruption in the awarding of municipal contracts, and to secure the best work or supplies at the lowest price practicable, and are enacted for the benefit of property holders and taxpayers, and not for the benefit or enrichment of bidders, and should be so construed and administered as to accomplish such purpose fairly and reasonably with sole reference to the public interest." 10 McQuillin, Municipal Corporations (3d Ed.) § 29.29. See also *Wring v. City of Jefferson*, 413 S.W.2d 292, 298[4] (Mo.1967).

Indicative of that general policy in St. Louis County, the St. Louis County Revised Ordinances (1974) provides in § 107.070 that the Purchasing Agent shall:

"(a) Act to procure for the County a suitable quality in supplies and contractu-

al services at the least expense to the County.

(b) Discourage collusive or restrictive bidding and endeavor to obtain as full and open competition as possible on all purchases."

As said by the text writer,

"Such provisions must be read in the light of the reason for their enactment, lest they be applied where they are not intended to operate and thus deny municipalities authority to deal with problems in a sensible, practical way." 10 McQuillin, Municipal Corporations (3d Ed.) § 29.-29, p. 323.

We also find in McQuillin, § 29.73 at p. 422 the following comment:

"In ascertaining which bid is low, with respect to prices or costs . . ., all pertinent provisions of applicable law must be observed and complied with, and the bid and the advertised specifications must be considered as a whole, and effect given if possible to all parts and provisions thereof, including discounts and like features if any embodied in the proposal."

It has also been said that the terms of payment are as much a part of the specifications as the material to be used or services to be rendered. See *Little v. Town of Southgate*, 223 Ky. 735, 4 S.W.2d 711, 713 (1928).

In the case before us there is no charge or proof of favoritism, fraud or corruption in the award of the contracts. Nor can we say that there was governmental extravagance or improvidence. The specifications and terms for bidding put all bidders on equal footing. All persons who wished to bid were aware of the fact that discounts would be taken into consideration in the determination of the lowest bidder. Plaintiff voluntarily chose not to grant a discount. The granting of discounts for prompt payment is an accepted commercial practice. Because of the large number of persons who handle the processing of invoices and payment in St. Louis County, some discounts are lost. This was particularly evident in the year before this contract was let, where plaintiff was awarded the contract in terms

of 1% discount for payment within ten days. The time was short. The contract with Schiller provided for 20 days in which to take advantage of the discount. Unlike the other suppliers whose invoices appear in the record, plaintiff's invoice did not alert the County employees by placing the terms of payment on the invoice. Plaintiff was not required to state the terms of payment on the invoice but this could explain why discounts were not taken by County under plaintiff's prior contract.

The one case that we have found which discusses the present issue is *Market Maintenance Co., Inc. v. City of Newark*, 63 N.J.Super. 233, 164 A.2d 367 (1960). In that case the bid was let to a bidder who was lowest by reason of the discount. When the contract was drawn the City bound itself to take the discount specified in the bid. It had been argued that the acceptance of the bid with a discount and reserving the right thereafter to determine whether to take advantage of the discount was inimical to the purposes of the legislation requiring competitive bidding. The court did not reach that issue because of the contract clause binding the City to take the discount by making prompt payment. Such a clause in the contract is nothing more than a statement of intent to take the discount. If the discount is not taken it is lost and the gross price bid must be paid. In the case at bar the policy of St. Louis County with respect to payment to vendors is set out in its Purchasing Procedures which is reprinted above. It specifically provides that "[i]t is County policy that invoices will be paid in time to take advantage of discount terms offered by the vendor."

■ We hold that a governmental unit may evaluate bids by taking into consideration discounts offered by vendors where it does so in good faith with the intention of taking advantage of the discount.

■ The evidence in this case warrants a finding that the County, in awarding the disputed portion of the bid for photographic supplies to Schiller, acted in good faith and intends to take advantage of the discount.

The trial court did not err in holding that the award of the contract was let to the lowest responsible bidder.

From what we have held herein it is apparent that there was in fact no basis for the issuance of an injunction and that the portion of the judgment dismissing the petition was not prejudicially erroneous. The same may be said of issues raised by defendants but not discussed in the opinion.

The judgment of the trial court is affirmed.

SNYDER and WEIER, JJ., concur.