657 A.2d 1209

LAURA MAISONET, PETITIONER–APPELLANT, v. NEW JERSEY
DEPARTMENT OF HUMAN SERVICES, DIVISION OF FAMILY
DEVELOPMENT, RESPONDENT–RESPONDENT.

Argued January 30, 1995—Decided May 23, 1995.

*Madeline L. Houston* argued the cause for appellant (*John D. Atlas,* Executive Director, Passaic County Legal Aid Society, attorney; *Ms. Houston* and *Cary L. Winslow,* on the briefs).

*Peter D. Wint,* Deputy Attorney General, argued the cause for respondent (*Deborah T. Poritz,* Attorney General of New Jersey, attorney; *Joseph L. Yannotti,* Assistant Attorney General, of counsel).

*Jonathan Romberg* argued the cause for *amicus curiae* The American Civil Liberties Union of New Jersey (*Crummy, Del Deo, Dolan, Griffinger & Vecchione,* attorneys; *Mr. Romberg* and *Lawrence S. Lustberg,* on the brief).

*Joseph Harris David* submitted a brief on behalf of *amicus curiae* Legal Services of New Jersey (*Melville D. Miller, Jr.,* President, attorney; *Mr. David* and *Mr. Miller,* on the brief).

The opinion of the Court was delivered by

COLEMAN, J.

The novel issue raised in this appeal is whether the Appellate Division was compelled by the Supremacy Clause to exercise original jurisdiction over Laura Maisonet's claim for attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 *U.S.C.A.* § 1988 (section 1988), for an alleged violation of 42

*U.S.C.A.* § 1983 (section 1983) based on the State's administration of a federally funded food-stamp program. The Appellate Division declined to exercise original jurisdiction. 274 *N.J.Super.* 228, 643 *A.*2d 1038 (1994). We now affirm and establish guidelines for handling federal fee claims raised for the first time in the Appellate Division.

## I

On August 15, 1990, Maisonet applied for participation in the Food Stamp Program (FSP), designed "to supplement the purchasing power of low-income households." 274 *N.J.Super.* at 232, 643 *A.*2d 1038. The FSP is "authorized by the U.S. Congress and regulated by the U.S. Department of Agriculture (USDA)." *N.J.A.C.* 10:87–1.2(a). "In New Jersey, the county welfare agencies ... are responsible for certifying eligible households," *ibid.,* although "the State is ultimately responsible for ensuring that program operations conform with Federal laws and USDA regulations." *N.J.A.C.* 10:87–1.2(b). The "[p]olicies and procedures for the administration of the program are derived from the Food Stamp Act of 1977 (7 U.S.C. 2011–2029) and current USDA, Food and Nutrition Service ... regulations and instructions (which are uniform nationwide)." *N.J.A.C.* 10:87–1.3.

Maisonet stated in her application that the rent for her apartment was $400 per month. She did not indicate, however, that from August 1990 through July 1991, her cash payment for her apartment was $150 per month. That $250 monthly reduction in rent was in exchange for her performance of janitorial services for her landlord, but that compensation was not reported as income. After the Passaic County Board of Social Services (PCBSS) had become aware of Maisonet's failure to report the rent savings as income, it instituted an administrative disqualification hearing in the Office of Administrative Law pursuant to *N.J.A.C.* 10:87–11.1 to –11.33. PCBSS charged Maisonet with an intentional program violation pursuant to *N.J.A.C.* 10:87–11.5(a)1 and 2 for failing to

report receipt of earned income, which had resulted in an overpayment of food stamps in the amount of $732.

The Administrative Law Judge (ALJ) who presided over the hearing relied exclusively on New Jersey regulations and concluded that the "rental allowance" provided to Maisonet was "not essentially different from ... being given cash or a check." He found Maisonet was required to report that income to PCBSS the same as any other earned income. The ALJ also concluded that Maisonet had intentionally concealed this information and, pursuant to *N.J.A.C.* 10:87–11.1(a), disqualified her from participation in the FSP for six months. The Director of the Division of Family Development rejected the ALJ's finding of an intentional program violation, but accepted the ALJ's conclusion that the $250 monthly rental allowance should be treated as income. Maisonet appealed the Director's final decision. *See R.* 2:2–3(a)(2).

The claim of a 42 *U.S.C.A.* § 1983 violation, made solely to collect attorney's fees under 42 *U.S.C.A.* § 1988, was asserted for the first time in the notice of appeal. The claim was stated as follows:

> Appellant Maisonet maintains this overpayment assessment is contrary to 7 *C.F.R.* [§] 273.9(c). She seeks from this court reversal of respondent Reitz's final decision holding her liable for any overpayment, the enjoining of respondents from further recoupment of this amount from appellant Maisonet's monthly food stamp allotments, and the restoration of food stamps withheld under respondent Reitz's final decision.
>
> This action is brought under authority of *R.* 2:2–3(a)(2) and 42 *U.S.C.A.* § 1983. At all relevant times respondent Reitz has acted under color of state law. Attorney['s] fees and costs are authorized pursuant to 42 *U.S.C.A.* § 1988 and *R.* 4:42–9(a)(8).

Maisonet did not file any pleadings at the administrative level apparently because the pertinent regulations do not require pleadings. *See N.J.A.C.* 1:1–6.1(a) (stating "[s]pecific pleading requirements are governed by the agency with subject matter jurisdiction over the case"); *N.J.A.C.* 10:87–11.1 (establishing procedure for administrative disqualification hearings that does not include filing of pleadings). In any event, the federal claims could not have been decided in the administrative proceedings. *See Paterson Redevelopment Agency v. Schulman,* 78 *N.J.* 378, 386–88, 396

A.2d 573, *cert. denied,* 444 *U.S.* 900, 100 *S.Ct.* 210, 62 *L.Ed.*2d 136 (1979).

The Appellate Division held that because 7 *U.S.C.A.* § 2014(d) and 7 *C.F.R.* § 273.9(c)(1)(iv)(A) exclude from income housing provided by an employer, those regulations should also be interpreted to exclude employer reductions in rent. *Maisonet, supra,* 274 *N.J.Super.* at 234–35, 643 *A.*2d 1038. Thus, the value of housing, whether public or employer provided, should be afforded identical treatment. *Id.* at 234, 643 *A.*2d 1038. The same reasoning was applied to employee-discounted housing. *Id.* at 235, 643 *A.*2d 1038. The Appellate Division also found that *N.J.A.C.* 10:87–5.9(a)2v(2)(A) requires the same result because it is consistent with the federal regulations. *Id.* at 234, 643 *A.*2d 1038.

The Appellate Division, however, refused to exercise original jurisdiction over the claim for attorney's fees pursuant to section 1988 for an alleged violation of section 1983. In declining to exercise original jurisdiction, the court stated that "[w]e do not tarry long with appellant's attempt to convert an appeal from an administrative determination into a § 1983 and § 1988 action at the appellate level. To do so would require us to exercise our original jurisdiction pursuant to *R.* 2:10–5. We see no basis for doing so here." 274 *N.J.Super.* at 231, 643 *A.*2d 1038.

We granted Maisonet's petition for certification to review the propriety of the Appellate Division declining to exercise original jurisdiction. 138 *N.J.* 265, 649 *A.*2d 1286 (1994).

II

Maisonet contends that because she could not raise her sections 1983 and 1988 claims at the administrative level for lack of jurisdiction, the Supremacy Clause of the United States Constitution compelled the Appellate Division to exercise original jurisdiction over the fee claim. *Amicus curiae,* American Civil Liberties Union of New Jersey, asserts that "a state court overturning an agency decision in an administrative appeal is forbidden by the Supremacy Clause from declining to reach the merits of a federal

statutory claim brought in the same action under § 1983 or ...
§ 1988." The Division of Family Development makes three re-
sponses. First, it asserts that "the mere filing of a notice of
appeal from a decision of a state agency does not give rise to a
federal civil rights cause of action" where the agency based its
decision on state regulations exclusively. Second, it argues that
Maisonet should have commenced a separate law suit in the Law
Division or in the federal district court alleging sections 1983 and
1988 causes of action. Third, it contends that a decision overturn-
ing plaintiff's food-stamp disqualification does not automatically
entitle her to section 1988 attorney's fees.

### A.

We first address the threshold issue whether, and in what
circumstances, a state court may be required to entertain sections
1983 and 1988 claims pendent to state-law claims.

A section 1983 action may be brought in state court,
*Martinez v. California,* 444 *U.S.* 277, 283 n. 7, 100 *S.Ct.* 553, 558 n.
7, 62 *L.Ed.*2d 481, 488 n. 7 (1980), and the section 1988 "fee
provision' is part of the § 1983 remedy whether the action is
brought in federal or state court." *Maine v. Thiboutot,* 448 *U.S.*
1, 11, 100 *S.Ct.* 2502, 2508, 65 *L.Ed.*2d 555, 563 (1980). The
Supreme Court, however, has reserved the question whether state
courts are obligated to entertain section 1983 actions. *Id.* at 3 n.
1, 100 *S.Ct.* at 2503 n. 1, 65 *L.Ed.*2d at 558 n. 1. New Jersey
courts have entertained section 1983 actions for many years. *See*
*Endress v. Brookdale Community College,* 144 *N.J.Super.* 109,
131–32, 364 *A.*2d 1080 (App.Div.1976).

Whenever an action is brought in a state court to enforce
federal rights or claims, the Supremacy Clause requires that
federal substantive law and policy be applied by the state court.
*Urban League of Greater New Brunswick v. Mayor & Council of
Carteret,* 115 *N.J.* 536, 552 n. 3, 559 *A.*2d 1369 (1989). The
Supremacy Clause of the United States Constitution, Article VI,
Clause 2, "provides that laws made in pursuance of federal consti-
tutional authority become the 'supreme law of the land.' " *Maher*

*v. New Jersey Transit Rail Operations, Inc.*, 125 *N.J.* 455, 464, 593 *A.*2d 750 (1991).

■ If claims are brought in state courts, state rules of procedure and practice ordinarily control how the claims are processed. *Felder v. Casey*, 487 *U.S.* 131, 138, 108 *S.Ct.* 2302, 2306, 101 *L.Ed.*2d 123, 137 (1988). The rationale for the rule is that the federal courts are always available to hear federal claims. *Brown v. Western Ry. of Ala.*, 338 *U.S.* 294, 300, 70 *S.Ct.* 105, 108, 94 *L.Ed.* 100, 104 (1949) (Frankfurter, J., dissenting). There are no rules of procedure in place in New Jersey controlling the handling of a claim for section 1988 attorney's fees arising out of proceedings before a state administrative agency. Today we establish a procedure to guide the bench and bar in the future.

## B.

■ The Supremacy Clause required the Appellate Division to treat the federal claim the same as it would treat any other state law claim. *Howlett v. Rose*, 496 *U.S.* 356, 369, 110 *S.Ct.* 2430, 2439, 110 *L.Ed.*2d 332, 348 (1990); *Martinez, supra*, 444 *U.S.* at 283 n. 7, 100 *S.Ct.* at 558 n. 7, 62 *L.Ed.*2d at 488 n. 7. As part of the required nondiscriminatory treatment of federal claims in state courts, *Howlett, supra*, also recognizes that "[w]hen a state court refuses jurisdiction because of a neutral state rule regarding the administration of the courts," the Supremacy Clause does not compel a state court to exercise its jurisdiction over federal claims. 496 *U.S.* at 372, 110 *S.Ct.* at 2441, 110 *L.Ed.*2d at 350. States "may apply their own neutral procedural rules to federal claims, unless those rules are preempted by federal law," without running afoul of the Supremacy Clause. *Id.* at 372, 110 *S.Ct.* at 2441, 110 *L.Ed.*2d at 351.

## III

### A.

■ We are persuaded that the Appellate Division articulated valid, neutral reasons for declining to exercise original jurisdiction

over the federal claims. The initial filing of a pleading alleging federal claims was in the form of a notice of appeal from a final determination of a state administrative agency. *Rule* 2:10–5 authorizes the Appellate Division to "exercise such original jurisdiction as is necessary to the complete determination of any matter on review." That is a discretionary rule. The Appellate Division refused to exercise original jurisdiction because this case does not fall into either of the two categories in which original jurisdiction has been exercised in the past: 1) to complete the determination of issues raised but not decided in a trial court, *Department of Health v. Concrete Specialties, Inc.*, 112 *N.J.Super.* 407, 411, 271 *A.*2d 595 (App.Div.1970) (exercising original jurisdiction to impose statutory penalty for complete determination of matter where trial court had improperly dismissed penalty complaint), and 2) to provide emergent relief in a matter implicating public interest. *State v. Tumminello*, 70 *N.J.* 187, 192–93, 358 *A.*2d 769 (1976) (exercising original jurisdiction in light of defendant's continuing physical deterioration); *State v. Rose*, 173 *N.J.Super.* 478, 483, 414 *A.*2d 600 (App.Div.1980) (exercising original jurisdiction because of emergent matter implicating public interest); *Market Maintenance Co. v. City of Newark*, 63 *N.J.Super.* 233, 235, 164 *A.*2d 367 (App.Div.1960) (exercising original jurisdiction to promptly resolve public bid dispute). *Maisonet, supra,* 274 *N.J.Super.* at 232, 643 *A.*2d 1038. *See also White v. Atlantic City Press*, 64 *N.J.* 128, 133, 313 *A.*2d 197 (1973) (exercising original jurisdiction to find actual knowledge for complete determination of matter).

The Appellate Division found that *Anastasio v. Planning Board of West Orange*, 209 *N.J.Super.* 499, 518, 507 *A.*2d 1194 (App.Div.), *certif. denied,* 107 *N.J.* 46, 526 *A.*2d 136 (1986), is to be distinguished on the facts. *Anastasio* involved multiple complaints in lieu of prerogative writs for judicial review of a local planning board's untimely decision denying site-plan approval. *Id.* at 504–05, 507 *A.*2d 1194. Plaintiff Anastasio also filed a separate complaint against the planning board, all but one of its members and others seeking section 1983 damages. *Ibid.* The complaint fur-

ther sought damages for alleged violations of the Municipal Land Use Law (MLUL). *Ibid.* The trial court awarded damages for the alleged MLUL violations, *id.* at 505, 507 *A.*2d 1194, but did not make factual findings to support its award of section 1983 damages. *Id.* at 515–18, 507 *A.*2d 1194. The Appellate Division exercised original jurisdiction and redetermined the section 1983 claim because of the protracted history in the case, and because "the trial judge ha[d] retired." *Id.* at 518, 507 *A.*2d 1194. Thus, *Anastasio* falls into the established category of cases in which the Appellate Division has exercised original jurisdiction to decide issues raised in the trial court but not decided by it.

## B.

The procedural history in the present case is unique and for that reason is to be distinguished from the *Thiboutot* line of cases. *Compare Thiboutot, supra,* 448 *U.S.* at 1, 100 *S.Ct.* at 2502, 65 *L.Ed.*2d at 555 (involving appeal to state superior court from Department of Human Services' final determination); *Rahmey v. Blum,* 95 *A.D.*2d 294, 466 *N.Y.S.*2d 350 (1983) (involving appeal to trial court from the State Department of Social Services); *Maldonado v. Nebraska Dep't of Pub. Welfare,* 223 Neb. 485, 391 *N.W.*2d 105 (1986) (involving appeal to the District Court from an administrative agency); *Stratos v. Department of Pub. Welfare,* 387 Mass. 312, 439 *N.E.*2d 778 (1982) (involving appeal to superior court to review administrative decision). In those cases, actions seeking review of administrative agency decisions were instituted by filing a complaint in a trial court. If the trial court declined to exercise jurisdiction over the federal claim, the aggrieved party had no other state forum to hear the federal claim. Consequently, that line of cases sought to compel the trial court, rather than an appellate court, to exercise jurisdiction. Here, the challenging party was free to institute a claim in the Law Division with respect to the federal claims.

Apart from those distinctions, this is the first reported decision in New Jersey in which a federal civil rights claim is raised for the

first time in the notice of appeal from a final decision of a state administrative agency. *Christian Brothers Institute v. Northern New Jersey Interscholastic League*, 86 *N.J.* 409, 432 *A.*2d 26 (1981), cited by Maisonet, involved a complaint filed in the Law Division alleging a federal civil rights violation after the Division on Civil Rights had reached a final adjudication of the plaintiff's alleged religious discrimination claims. The Law Division entered judgment for the plaintiff, and the Appellate Division affirmed. *Id.* at 414, 432 *A.*2d 26. This Court reversed and dismissed the complaint, concluding that the claim filed in the Law Division was barred by virtue of election-of-remedies principles. *Id.* at 414–15, 432 *A.*2d 26. The Court observed that the civil-rights and constitutional claims should have been filed in an appeal to the Appellate Division from an adverse decision of the Division on Civil Rights. *Id.* at 416, 432 *A.*2d 26. The Court did not suggest that if and when a federal claim was filed for the first time in a notice of appeal, the Appellate Division should exercise original jurisdiction. Indeed, the Court held that the plaintiff's civil rights claim based on discrimination should be heard by the Division on Civil Rights. *Id.* at 418–19, 432 *A.*2d 26.

Furthermore, when civil-rights claims are alleged for the first time in a notice of appeal, if the Appellate Division in the exercise of its discretion decides to resolve the claim, the Appellate Division will invariably be transformed into a trial court because "a request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action." *White v. New Hampshire Dep't. of Employment Sec.*, 455 *U.S.* 445, 451, 102 *S.Ct.* 1162, 1166, 71 *L.Ed.*2d 325, 331 (1982). "An application for attorney's fees is 'uniquely separable from the cause of action to be proven at trial,' which cannot be commenced until one party has 'prevailed.'" *Urban League, supra*, 115 *N.J.* at 547, 559 *A.*2d 1369 (quoting *White, supra*, 455 *U.S.* at 452, 102 *S.Ct.* at 1166, 71 *L.Ed.*2d at 331).

Even though Maisonet included in her notice of appeal claims under sections 1983 and 1988, the attorney's fee claim could

not be considered until she prevailed in the Appellate Division on the food-stamp disqualification issue. A claim for attorney's fees under section 1988 based on a violation of section 1983 requires proof that "(1) a person (2) acting under color of state law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States." *City of Oklahoma City v. Tuttle*, 471 *U.S.* 808, 829, 105 *S.Ct.* 2427, 2439, 85 *L.Ed.*2d 791, 807–08 (1985) (Brennan, J., concurring). Viewed in that context, the issues collateral to the food-stamp disqualification case would have required the Appellate Division to sit as a trial court to decide the fee case after it had exercised its appellate jurisdiction. Once the Appellate Division invokes its original jurisdiction, it thereby deprives itself of appellate jurisdiction over the fee claim. The *per se* rule sought by Maisonet requiring the Appellate Division to exercise original jurisdiction in all such cases would be an anomalous result not compelled by the Supremacy Clause because a nondiscriminatory, neutral state-court procedure can be established without violating federal law.

## C.

As a matter of policy, we deem it appropriate that a review of a final administrative decision of a State agency by the Appellate Division pursuant to *Rule* 2:2–3(a)(2) ordinarily should be limited to scrutiny of the decision of the administrative body. Consistent with that policy, if an aggrieved party in an administrative matter elects not to file a complaint in the Law Division alleging claims under sections 1983 and 1988, but instead raises federal claims in the notice of appeal or cross-appeal, unless the Appellate Division decides to exercise original jurisdiction, the following procedure should be followed:

1) The notice of appeal or cross-appeal insofar as the federal claims are concerned shall be deemed a complaint under *Rule* 4:2–2 and shall toll the running of any statute of limitations.

2) Venue shall be laid in the county in which the cause of action arose.

3) The Appellate Division shall transfer the federal claims, pursuant to *Rule* 1:13–4, to the Law Division by filing with the Deputy Clerk of the Superior Court "in the county in which the cause of action arose." *R.* 4:3–2(a)(2). A different venue may be selected in accordance with *Rule* 4:3–2(c) when warranted by special circumstances.

4) *Rule* 4:9–1 shall control amendments to the special complaint carved out of the notice of appeal or cross-appeal after transfer.

5) The Law Division, by virtue of the transfer, shall have the power to award section 1988 attorney's fees for services rendered in the Appellate Division if they are found to be appropriate.

Although the procedure we now adopt does not deprive the Appellate Division of its discretion under *Rule* 2:10–5, that procedure contemplates that federal claims arising out of decisions rendered by state and local administrative agencies ordinarily will be heard in the Law Division. We note that in respect of a final decision of a *local* agency, a proceeding for review is commenced by filing a complaint in lieu of prerogative writs in which federal claims may be asserted, *see Anastasio, supra,* 209 *N.J.Super.* at 504–05, 507 *A.*2d 1194, and a non-jury trial is conducted in the Law Division on the complaint to resolve the state and federal claims. By virtue of the procedure we now adopt concerning appeals from a *state* administrative agency, the transfer of the federal claims filed with the Appellate Division will enable a Law Division judge sitting without a jury also to decide the federal claims asserted in that appeal. Notwithstanding the fact that *Rule* 2:2–3(a)(2) deprives the Law Division of jurisdiction to review a state-law claim decided by a state agency, the Law Division has jurisdiction to hear the federal claim.

The federal claims raised in the notice of appeal are the functional equivalent of an action in lieu of prerogative writs filed in the Law Division. Because the Superior Court has general-statewide jurisdiction, a transfer from the Appellate Division to the Law Division under *Rule* 1:13–4 is intended to comply with the allocational scheme when the Appellate Division is an inappropriate forum. *See Schiavone Construction Co. v. Hackensack Meadowlands Development Comm'n,* 98 *N.J.* 258, 265, 486 *A.*2d 330 (1985) (remanding state administrative agency matter to the Law

Division for determination); *State Farm Mut. Auto. Ins. Co. v. Department of Public Advocate,* 227 *N.J.Super.* 99, 132–34, 545 *A.*2d 823 (App.Div.1988) (remanding state administrative agency matter to the Law Division to develop a record), *aff'd,* 118 *N.J.* 336, 571 *A.*2d 957 (1990); *Township of Montclair v. Hughey,* 222 *N.J.Super.* 441, 446–48, 537 *A.*2d 692 (App.Div.1987) (permitting state administrative agency matter to remain in the Law Division to resolve factual disputes).

The Appellate Division made clear that it did not exercise jurisdiction because this case does not fit into the established categories for exercising *Rule* 2:10–5 jurisdiction. The failure to exercise discretion and hear the federal fee claim does not violate the Supremacy Clause.

> When a state court [trial or appellate] refuses jurisdiction because of a neutral state rule regarding its administration of the courts, we must act with utmost caution before deciding that it is obligated to entertain the claim. . . . The States . . . have great latitude to establish the structure and jurisdiction of their own courts.
>
> [*Howlett, supra,* 496 *U.S.* at 372, 110 *S.Ct.* at 2440–41, 110 *L.Ed.*2d at 350–51.]

The federal law must take the "state courts as it finds them." Henry M. Hart, Jr., *The Relations Between State and Federal Law,* 54 *Colum.L.Rev.* 489, 508 (1954).

We do not reach the issue whether plaintiff may be entitled to counsel fees under section 1988. That issue must be decided initially by the Law Division with either party having the right of appeal to the Appellate Division. We decide that the only state court required by the Supremacy Clause to hear plaintiff's federal claims is the Law Division. The Clerk of the Appellate Division is directed therefore to transfer plaintiff's federal claims to the Law Division for resolution in accordance with this opinion. To the extent feasible, the Law Division will undoubtedly recognize the need to expedite these cases.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice WILENTZ, and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

Opposed—None.