723 A.2d 1270 (1999)
J.A., for herself and on behalf of her minor niece, T.C., Petitioners-Appellants/Cross-Respondents,
v.
BOARD OF EDUCATION FOR the DISTRICT OF SOUTH ORANGE AND MAPLEWOOD, Respondent-Respondent/Cross-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 27, 1998.
Decided March 2, 1999.
As Amended On Reconsideration April 9, 1999.
*1271 Ellen M. Boylan, Jersey City, for petitioners-appellants/cross-respondents (Education Law Center, Inc., attorneys; Ms. Boylan, on the brief).
David J. Dering, Elizabeth, for respondent-respondent/cross-appellant Board of Education for the District of South Orange and Maplewood (Leary, Bride, Tinker & Moran, Cedar Knolls and Schenck, Price, Smith & King, Morristown, co-attorneys; Glenn R. Moran, Cedar Knolls and Joanne L. Butler, Morristown, of counsel; Mr. Dering, Ms. Butler, and Mr. Moran, on the brief).
Arlene Goldfus Lutz, Deputy Attorney General, for respondent State Board of Education (Peter Verniero, Attorney General, attorney; Joseph L. Yannotti, Assistant Attorney General, of counsel; Geraldine Callahan, Deputy Attorney General, on the brief).
*1272 Patricia P. Perlmutter, Seton Hall University School of Law, Center for Social Justice, Civil Litigation Clinic, for amicus curiae American Civil Liberties Union of New Jersey (Ms. Perlmutter, on the brief).
Krystal A. Wilson, for amicus curiae New Jersey School Board Association.
Before Judges BROCHIN, KLEINER and STEINBERG.
The opinion of the court was delivered by BROCHIN, J.A.D.
J.A., a resident of South Orange, sought to have her niece, T.C., admitted to South Orange-Maplewood's Columbia High School without payment of tuition. The local board of education refused, claiming that she had not submitted the requisite documentation to prove compliance with the relevant statute, N.J.S.A. 18A:38-1. J.A. appealed the board's decision to the Commissioner of Education. She also sought a declaration that the board has a policy of denying eligibility to an applicant whose statements are not accompanied by documentation, that this policy is arbitrary and capricious, that it violates Article VIII, section IV, paragraph 1 of the New Jersey Constitution, and that the letter which the board sent her to notify her of its refusal to accept T.C. as a tuition-free student denied her due process of law in violation of 42 U.S.C.A. § 1983 and the Fourteenth Amendment of the United States Constitution. On the basis of her claim of a violation of her federal constitutional rights, J.A. also requested an award of attorneys' fees pursuant to 42 U.S.C.A. § 1988.
Upon receiving a copy of J.A.'s petition to the Commissioner, T.C. was admitted to the South Orange-Maplewood high school as required by statute. The local board counterclaimed for tuition.
After an evidentiary hearing before an administrative law judge, the State Commissioner of Education reversed the local board and held that T.C. was eligible to attend public school in South Orange-Maplewood without payment of tuition. Although J.A. prevailed on that basic issue, she appealed to the State Board of Education because the Commissioner had rejected her request for a declaration that the local board's demand for documentation was arbitrary and capricious and because he had also rejected her claim that the local board's form of notice violated her right to due process. The Commissioner's rejection of J.A.'s claims that her federal constitutional rights had been violated eliminated any basis for an award of attorneys' fees.
J.A. appealed the Commissioner's decision and the local board cross-appealed. The State Board held as follows:
For the reasons expressed by the ALJ and Commissioner, we find that petitioner has demonstrated T.C.'s entitlement to a free public education in South Orange-Maplewood. Under the particular circumstances herein, we agree that petitioner has sustained her burden under the standard set forth in N.J.S.A. 18A:38-1(b). We also agree that the Board was not required to provide petitioner with a statement of reasons for the denial of her application or to provide specific details about the appeals procedure in its notice letter, except to advise petitioner that she had the right to contest the Board's decision with the Commissioner of Education within 21 days.
However, we modify the Commissioner's decision to the extent that it might be read to permit a district board to mechanically deny any application for admission under N.J.S.A. 18A:38-1(b) which is not accompanied by documentation to support the sworn statements submitted with the application.... [A] lack of documentation in support of the sworn statements required by N.J.S.A. 18A:38-1(b) may not necessarily bar a child from admission in a case in which documentation cannot be produced due to the particular circumstances of the situation. Hence, a district board policy that automatically bars admission solely on the basis of a lack of documentation, without permitting consideration of those circumstances, would be arbitrary and capricious.
However, because T.C. was admitted to high school in the South Orange-Maplewood school district and neither party had furnished *1273 the State Board with a copy of the transcript of the administrative hearing, the State Board declined to decide whether the South Orange-Maplewood Board of Education actually had a policy of barring admission solely on the basis of a lack of documentation.
On appeal, J.A. argues that because someone who is eligible to attend a district's public schools has a "property interest" in attending, procedural due process requires that a student denied admission be provided with a written notice detailing the factual basis for the denial, instructions on the procedure for filing an appeal, and notice of the right to attend school pending the Commissioner's decision of the appeal. J.A. also asks us to find that she is entitled to damages and attorneys' fees pursuant to 42 U.S.C.A. §§ 1983 and 1988 for vindication of T.C.'s due process rights under the Fourteenth Amendment. The American Civil Liberties Union of New Jersey, which have appeared as amici curiae in support of J.A., advance essentially the same arguments as J.A. and, in addition, it asserts that under New Jersey's "rightness and fairness" doctrine, the Commissioner of Education must ensure that school districts provide applicants adequate notice of the district's decision.
The South Orange-Maplewood Board of Education argues that the Commissioner of Education and the State Board erred in ruling that T.C. was entitled to a free public education at the South Orange-Maplewood high school because their findings are not based on competent evidence and because their rulings disregard the express language of N.J.S.A. 18A:38-1(b)(1). It also contends that no constitutional right of T.C. was violated. The New Jersey School Boards Association has appeared as amicus curiae in support of the South Orange-Maplewood Board of Education, arguing that the school district's actions do not violate T.C.'s state constitutional right to a free public education.
The State Board of Education argues that this appeal should be dismissed as moot because, with T.C.'s tuition-free admission to the South Orange-Maplewood high school, J.A. has received all the relief she sought. The State Board also contends that the February 8, 1996 letter notifying J.A. of T.C.'s ineligibility was consistent with due process of law and did not violate J.A.'s or T.C.'s constitutional rights.
We conclude, first of all, that the appeals and cross-appeals now before us are not moot. Although T.C. has succeeded in gaining admission to Columbia High School as a tuition-free student, the South Orange-Maplewood Board of Education continues to contest her eligibility. Furthermore, J.A. demands relief beyond a confirmation of T.C.'s eligibility to attend the district's schools. She also claims that her due process rights have been violated and seeks damages and attorneys' fees predicated on that alleged violation. The parties are entitled to have these issues decided. See State v. Gartland, 149 N.J. 456, 464, 694 A.2d 564 (1997) ("Our courts will entertain a case that has become moot when the issue is of significant public importance and is likely to recur."); Student Members of Playcrafters v. Board of Educ., 177 N.J.Super. 66, 73-74, 424 A.2d 1192 (App.Div.1981) (deciding merits of appeal challenging constitutionality of local board's policy of banning most extracurricular scholastic activity during times of traditional religions worship even though students who brought actions may no longer be attending defendants' high school because the issues were of public importance and were bound to recur).
The administrative law judge considered T.C.'s application and the affidavits of J.A. and of T.C.'s mother which were submitted in support of it. He also heard the testimony of J.A. and of Dr. Jacqueline Cusack, who was Assistant Superintendent for Educational Planning, Policy, and Special Projects for the South Orange-Maplewood school district when T.C.'s application was denied. No evidence was offered to dispute J.A.'s testimony. The administrative law judge weighed the credibility of the witnesses and accepted the veracity of J.A.'s testimony. He made the following findings:
When T.C. first asked to live with her, [J.A.], who was deeply concerned with T.C.'s living arrangements, was reluctant *1274 to take her in. It was her own daughter, a student who attends Howard University, who prevailed upon her mother to let T.C. use her room. It also appears that T.C. will likely attend a local college to which she can commute from petitioner's South Orange home.
Petitioner convincingly described her sister's [T.C.'s mother's] situation and long financial dependence upon others' largesse by which she survives.
Once petitioner's mother died, T.C. was without a real home until petitioner took her in. The circumstances leading up to T.C. coming to live with her aunt clearly demonstrate that T.C.'s mother is not capable of care or support because of family and economic hardship. Other than that provided by petitioner, T.C. has no support.
With regard to the statutory requirement that it be shown that the child is not with the resident "solely for the purpose of receiving a free public education within the district," respondent does not contest that. Moreover, T.C.'s move to South Orange was because petitioner sold her house in Berkeley Heights to purchase her present home.
The Commissioner of Education expressly "concur[red] with the credibility determinations, findings and conclusions of the ALJ," and the State Board agreed that J.A. had sustained her burden of proof. Our review of the record convinces us that there is ample credible evidence in the record to sustain their findings. We therefore reject the local school board's challenge to the sufficiency of the evidence.
We also reject the local board's argument that finding T.C. eligible to attend the district's schools tuition-free disregards the language and policy of N.J.S.A. 18A:38-1(b). The statute (slightly reformatted to make it more readable) states:
Public schools shall be free to the following persons over five and under 20 years of age:
a. Any person who is domiciled within the school district;
b. (1) Any person who is kept in the home of another person domiciled within the school district and is supported by such other person gratis as if he were such other person's own child,
upon filing by such other person with the secretary of the board of education of the district, if so required by the board,

a sworn statement that he is domiciled within the district and is supporting the child gratis and will assume all personal obligations for the child relative to school requirements and that he intends so to keep and support the child gratuitously for a longer time than merely through the school term, and

a copy of his lease if a tenant, or a sworn statement by his landlord acknowledging his tenancy if residing as a tenant without a written lease, and
upon filing by the child's parent or guardian with the secretary of the board of education a sworn statement that he is not capable of supporting or providing care for the child due to a family or economic hardship and that the child is not residing with the resident of the district solely for the purpose of receiving a free public education within the district.

The statement shall be accompanied by documentation to support the validity of the sworn statements, information from or about which shall be supplied only to the board and only to the extent that it directly pertains to the support or nonsupport of the child.

If in the judgment of the board of education the evidence does not support the validity of the claim by the resident, the board may deny admission to the child.
[Emphasis added.]
The materials which J.A. supplied to the South Orange-Maplewood Board of Education complied with the literal terms of N.J.S.A. 18A:38-1(b). She submitted "a sworn statement that [s]he is domiciled within the district and is supporting the child gratis...." No lease or landlord's statement was required because J.A. is an owner, not a tenant. The statute does not ask for a *1275 copy of the deed to the resident's home, presumably because the identity of tax-paying property owners within the district is a matter of public record. J.A. submitted "a sworn statement" by T.C.'s mother "that [s]he is not capable of supporting or providing care for the child due to a family or economic hardship...." The statute does not include an explicit requirement to provide documentation of the parent's inability to provide support.
Section (b) of N.J.S.A. 18A:38-1 does require that "[t]he statement shall be accompanied by documentation to support the validity of the sworn statements," and it continues, "information from or about which shall be supplied only to the board and only to the extent that it directly pertains to the support or nonsupport of the child." Presumably "[t]he statement," singular, refers to the "statement" last referred to, i.e., the statement of T.C.'s parent, although even that is not entirely clear. "[S]worn statements," plural, must refer to the two affidavits, the "Affidavit of Resident" and the "Affidavit of Parent/Guardian." J.A. complied with that requirement. The affidavits which J.A. submitted were "accompanied by documentation to support the validity of the sworn statements...." The secretary of the South Orange-Maplewood Board of Education knew that J.A. had provided the board of education with a copy of her I.R.S. 1040 form and of the closing papers documenting her recent purchase of her home in South Orange in support of J.A.'s concurrent, successful application for admission of K., J.A.'s nephew of whom she was the legal guardian, to the district school system.
The forms of "Affidavit of Resident" and "Affidavit of Parent/Guardian" which J.A. submitted to the local board were provided to her by an employee of the board. Each of the forms calls for various pieces of supporting documentation. Neither of them asks for material documentation which was available and was withheld. The Affidavit of Resident refers to an attached copy of a lease or deed. J.A. submitted the closing papers for her purchase of her home. The affidavit also asks the affiant to "provide proof" if she is the legal guardian of the prospective enrollee. This request for documentation was inapplicable to J.A. because her affidavit states that she is not T.C.'s legal guardian. The "Affidavit of Parent/Guardian" asks for a copy of lease, deed, or landlord's statement acknowledging the affiant's tenancy. This request made no demands on T.C.'s mother because she was neither an owner nor a tenant. She lived for periods of time with various other family members by their sufferance. The form asks for copies of all court papers if the affiant was awarded custody by a court, but that did not apply to T.C.'s mother. The affidavit form asks, "Is any individual named as the Pupil's Legal Guardian?" and, beneath that question, it directs, "Provide Proof." That demand was inapplicable because, although ambiguous, it undoubtedly was not intended to ask for proof of non-guardianship. The affidavit calls for a copy of an I.R.S. 1040 form, but T.C.'s mother had no income and filed no tax returns.
Neither of the forms of affidavit supplied by the school board asked explicitly for documentation of T.C.'s mother's economic circumstances or her physical or mental disabilities, although those appear to be the kinds of documentation which the local school board now contends were lacking. Significantly, the form of Affidavit of Resident states, "[T]he Board of Education reserves the right to require additional documentation to verify the residency and dependency of the Pupil named above. I/we agree to cooperate with any investigation by the Board of the facts set forth in this affidavit." We infer from the record that the Board did not request any specific additional documentation. Instead, it sent J.A. the following cryptic letter:
Having reviewed the affidavits, the administration has determined that the requirements set forth in N.J.S.A. 18A:38-1 have not been satisfied. Accordingly, the request for admission of [T.C.] as an affidavit student is denied.
Please be advised that you may contest the administration's decision by formal written petition to the Commissioner of Education within twenty-one (21) days of the date of this letter, and you will have the burden of *1276 proof, by a preponderance of the evidence, that the pupil is eligible for a free public education in accordance with law.
The record before us establishes that the assertion in this letter "that the requirements set forth in N.J.S.A. 18A:38-1 have not been satisfied" is inaccurate. Since that is the only reason advanced by the South Orange-Maplewood Board of Education to justify its denial of T.C.'s application for tuition-free enrollment in its school system, we affirm the decision of the State Board of Education that J.A. "has demonstrated T.C.'s entitlement to a free public education in South Orange-Maplewood."
After enumerating the requirements for tuition-free admission of a student to the district's schools, N.J.S.A. 18A:38-1 states, "If in the judgment of the board of education the evidence does not support the validity of the claim by the resident, the board may deny admission to the child." Pursuant to that provision, the South Orange-Maplewood Board of Education was authorized to reject J.A.'s application if it concluded, in good faith, that her "evidence does not support the validity of the claim...." But, as the State Board of Education authoritatively stated, no board of education may "mechanically deny any application for admission under N.J.S.A. 18A:38-1(b) which is not accompanied by documentation to support the sworn statements submitted with the application.... [A] district board policy that automatically bars admission solely on the basis of lack of documentation, without permitting consideration of those circumstances, would be arbitrary and capricious." We fully agree with that statement.
However, we disagree with the ruling of the Commissioner of Education, affirmed by the State Board of Education, that its decision was not subject to the requirements of procedural due process. There is no federal constitutional prohibition against the State's limiting tuition-free admission to a district's schools to persons residing within the district. Martinez v. Bynum, 461 U.S. 321, 328, 103 S.Ct. 1838, 1842-43, 75 L. Ed.2d 879, 886-87 (1983). But when the State provides free public education to any class of its citizens, an administrative decision excluding anyone with a bona fide claim to membership in that class is subject to the requirements of procedural due process. Goss v. Lopez, 419 U.S. 565, 574, 95 S.Ct. 729, 735, 42 L. Ed.2d 725, 734 (1975) (stating that although school principals are permitted to suspend students for misconduct, they are not permitted to withdraw the students' statutory right to an education without "fundamentally fair procedures to determine whether the misconduct occurred"); R.R. v. Board of Educ., 109 N.J.Super. 337, 347, 263 A.2d 180 (Ch.Div. 1970) (construing statutes that permit public school officials to suspend or expel students to require such officials to afford those students the procedural due process guaranteed by the Fourteenth Amendment); see also Rivera v. Board of Review, 127 N.J. 578, 583, 606 A.2d 1087 (1992) (holding that notice periods and practices applied by the Department of Labor regarding unemployment benefits must satisfy procedural due process requirements); In re Robros Recycling Corp., 226 N.J.Super. 343, 351, 544 A.2d 411 (App. Div.), certif. denied, 113 N.J. 638, 552 A.2d 164 (1988) (requiring decisions of the Board of Public Utilities, as with any administrative agency decision, to be based on stated findings of fact and conclusions of law).
The Commissioner seeks to distinguish these cases by arguing that T.C.'s right to a free public education is not in issue rather, the only issue is whether she is entitled to receive that education in the South Orange-Maplewood district. In our view, that distinction is insufficient to avoid the force of the cited cases. If the material facts are as presented by J.A. and T.C., the only other district in New Jersey where T.C. is entitled to free public schooling is Keyport. However, Keyport is not really a feasible alternative to South Orange-Maplewood because T.C. cannot live with her mother who resides in Keyport, and it would obviously be impossible to commute to school there from J.A.'s home in South Orange. Whether to accept J.A.'s and T.C.'s version of the facts was, of course, a disputed issue, but the facts are contested in most cases. That does not deprive the litigants of their right to procedural due process. We hold, therefore, that in excluding T.C. from its high school without *1277 informing her of the grounds of its decision, the South Orange-Maplewood Board of Education violated the due process rights guaranteed to J.A. and T.C. by the Fourteenth Amendment of the Federal Constitution. See e.g., Kent v. United States, 383 U.S. 541, 557-63, 86 S.Ct. 1045, 1055-58, 16 L. Ed.2d 84, 95-98 (1966) (juvenile waiver proceedings must comport with constitutionally guaranteed due process rights, including statement of reasons for the waiver); Donaldson v. Board of Educ., 65 N.J. 236, 245-46, 320 A.2d 857 (1974) (holding that nontenured teacher was entitled to a statement from the local board of education as to the reasons for her nonretention, and further that the teacher was entitled to an order by the Commissioner of Education directing the local board to give its reasons to the teacher); State v. Cengiz, 241 N.J.Super. 482, 496-97, 575 A.2d 504 (App.Div.1990) ("defendant here is entitled to a statement of reasons for the prosecutor's decision not to join his application for probationary drug rehabilitative treatment and judicial review of the prosecutor's adverse decision"); R.R. v. Board of Educ., 109 N.J.Super. 337, 349, 263 A.2d 180 (Ch.Div. 1970) (requiring that students facing expulsion from a state college or university be afforded due process protection, including a statement of charges and grounds that would justify expulsion if proven).
J.A. contends that considerations of federal due process also required the local board of education to tell J.A., in detail, in its letter informing her of its decision, how she might go about appealing its decision to the Commissioner of Education and how she could secure T.C.'s enrollment in its school system during the pendency of her appeal. No authority has been cited to us to support that contention and we have not found any. See Bennett v. Director, Office of Workers' Compensation Programs, 717 F.2d 1167, 1169 (7th Cir.1983) (stating that publication in the Federal Register of regulation setting thirty-day limitation on appeals of compensation orders constitutes sufficient notice to satisfy due process requirements where no authority exists requiring administrative law judge to include notice of appeal rights in his decision); Vialez v. New York City Hous. Auth., 783 F.Supp. 109, 114-15 (S.D.N.Y.1991) (holding that due process did not require public housing tenant be sent notice of opportunity to appeal New York City Housing Authority's decision to terminate her tenancy).
We agree, however, that basic fairness and the legislative policy implicit in N.J.S.A. 18A:38-1 dictate that a local board excluding a student in the position of T.C. should tell her and the resident who has applied on her behalf, first, just what they must do to perfect their appeal, and secondly, that the applicant may attend the appropriate school in the district immediately upon the board's receiving a copy of their petition. But what information should be provided is something that, at least in the first instance, should be left to the Commissioner. We therefore commend this issue to the Commissioner's attention with the recommendation that justice would be served by his promulgating a regulation applicable to all local boards of education prescribing the information to be included in a written statement rejecting an application for enrollment pursuant to N.J.S.A. 18A:38-1(b).
J.A.'s amended petition to the Commissioner of Education seeks damages and also attorneys' fees pursuant to 42 U.S.C.A. § 1988 for vindicating a claim under 42 U.S.C.A. § 1983. Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 1054, 55 L. Ed.2d 252, 266 (1978). The Commissioner and State Board of Education are not authorized to award damages or attorneys' fees. Balsley v. North Hunterdon Reg'l Sch. Dist. Bd. of Educ., 117 N.J. 434, 442-43, 568 A.2d 895 (1990).
Maisonet v. New Jersey Dep't of Human Servs., 140 N.J. 214, 226-27, 657 A.2d 1209 (1995), holds that when a claim for damages or attorneys' fees under 42 U.S.C. §§ 1983 and 1988 is asserted for the first time in a notice of appeal to the Appellate Division from the final decision of a state administrative agency, this court should ordinarily transfer the claims to the Law Division for decision. In the present case, J.A. asserted her damages and attorneys' fee claim in her amended petition to the Commissioner of Education. However, the Commissioner *1278 and State Board of Education are not authorized to award damages or attorneys' fees. We hold, therefore, that Maisonet applies. Whether damages or attorneys' fees should be awarded and, if they are, in what amount, are therefore matters that will have to be decided in the Law Division after remand. See id.
The decision of the State Board of Education is affirmed as modified by this opinion. The case is transferred to the Law Division, Essex County, pursuant to Maisonet, supra.