

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2005

# McDaniels v. NJ DYFS

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3614

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McDaniels v. NJ DYFS" (2005). *2005 Decisions.* Paper 1402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 03-3614

———

DOUGLAS PHILIP MCDANIELS, (In the Matter of Shad-Myra Marie McDaniels, an infant); JACQUELINE GONZALEZ, (grandmother)

Appellants

v.

NEW JERSEY DIVISION OF YOUTH AND FAMILY SERVICES; KIM KRUYSMAN, (agency representation); ANGELA LA MANNA, (child placement review coordinator); GERRY HENDERSON; DENISE HENDERSON, (his wife); CHRISTOPHER HOWELL, (investigator); SHALANDA MARTIN, (case worker); KATHLEEN HOEFLER, (supervisor family service specialist II); STEPHANIE ANATALE; NEW JERSEY, DYFS for the agency

Appellees

———

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 02-5010 (GEB))
District Judge: The Honorable Garrett E. Brown, Jr.

———

Submitted under Third Circuit LAR 34.1(a)
Date: March 10, 2005

Before: SCIRICA, Chief Judge, ROTH and ALDISERT, Circuit Judges

(Filed:    March 31, 2005)

———

_____

ALDISERT, <u>Circuit Judge</u>.

Douglas Philip McDaniels and Jacqueline Gonzalez appeal the district court's

grant of a motion for summary judgment which dismissed their claims brought under 42

U.S.C. §§ 1983 and 1985 (2000). We review whether the district court properly abstained

from deciding this case on the basis of the <u>Younger</u> Abstention Doctrine, set forth in

<u>Younger v. Harris</u>, 401 U.S. 37 (1971). We have jurisdiction over this appeal pursuant to

28 U.S.C. § 1291. Because the district court correctly applied the <u>Younger</u> Abstention

Doctrine, we will affirm.

## I.

Because we write only for the parties, who are familiar with the facts,

procedural history and contentions presented, we will not recite them except as necessary

to the discussion.

## II.

The abstention defined in <u>Younger</u>, a criminal case, was made applicable to civil

cases in <u>Middlesex County Ethics Committee v. Garden State Bar Association</u>, 457 U.S.

423 (1982). In <u>Middlesex</u>, the Court distilled the three requirements for the application of

the <u>Younger</u> Abstention Doctrine: (1) the existence of an ongoing state proceeding which

is judicial in nature; (2) an ongoing state proceeding which implicates important state

interests; and (3) an ongoing state proceeding which presents an adequate opportunity to

2

raise constitutional challenges in the state proceeding. Id. at 431-432. The Court has also made clear that the state proceeding need not be ongoing at the time the federal complaint is before the court as long as the plaintiff had an adequate opportunity to resolve the federal issue in a state proceeding. Huffman v. Pursue Ltd., 420 U.S. 592, 608 (1975).

III.

The test for Younger Abstention is met with respect to Appellant McDaniels. First, the state proceeding against him was judicial in nature. The New Jersey Division of Youth and Family Services filed a complaint for child abuse/neglect on behalf of McDaniels' child and an action to terminate his parental rights. Both issues were adjudicated in New Jersey Superior Court under New Jersey Court Rules. This matter is ongoing for purposes of Younger Abstention under Huffman because McDaniels could have appealed the termination of his parental rights first to the Appellate Division and then to the New Jersey Supreme Court. Id.; see Rule 2:2-1 and 2:2-3, New Jersey Court Rules (2001). McDaniels elected to forgo these appeals and instead file the instant federal claim. Second, New Jersey has a substantial interest in fair administration of child custody and parental rights proceedings. See Moore v. Sims, 442 U.S. 415, 427 (1979) (recognizing this interest). Finally, it is clear that, had he elected to participate, McDaniels would have had an opportunity to raise his federal constitutional claims in the state judicial proceedings. See Maisonet v. Dep't of Human Serv., Div. of Family Dev., 657 A.2d 1209, 1212-1213 (N.J. 1995). Accordingly, the district court appropriately abstained

3

under Younger from exercising jurisdiction over McDaniels' claims.

The Younger Abstention test is also met with respect to Appellant Gonzalez. We agree with the district court's determination that, though the decision to rule Gonzalez out as a possible placement for the child was made by administrative agents, the process by which the agents made the decision, through inspection, comparison of facts found to guidelines, etc. was judicial in nature for purposes of Younger Abstention. (Op. of Dist. Ct. at 15.) Further, Gonzalez could have appealed the administrative determination by requesting a dispositional conference or an administrative hearing. Either of these proceedings would have produced agency decisions appealable to the Appellate Division and ultimately the New Jersey Supreme Court. Gonzalez did not challenge the initial determination through the appeals process provided and has therefore failed to exhaust her state appeals as required. See Huffman, 420 U.S. 607-611. Second, as was the case with McDaniels, New Jersey has a substantial interest in fair administration of child custody and parental rights proceedings. See Moore, 442 U.S. at 427 (recognizing this interest). Finally, had she availed herself of the state proceedings available to her, those proceedings would have presented her with the opportunity to pursue her federal constitutional claims. See Maisonet, 657 A.2d at 1212-1213. Younger Abstention was therefore proper.

Neither McDaniels nor Gonzalez has shown bad faith or extraordinary circumstances that would qualify as an exception to the proper application of Younger

4

Abstention.

We will affirm the determination of the district court that jurisdiction should not be exercised over these claims pursuant to the Younger Abstention Doctrine.

IV.

The Appellants contend also that the district court erred in converting the Defendant/Appellee's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted into a Rule 56 motion for summary judgment. See Rule 56, Federal Rules of Civil Procedure; Rule 12(b)(6), Federal Rules of Civil Procedure. The facts belie this concern. The motion ruled on by the district court explicitly invoked Rule 56 in the alternative. See Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996) (deciding that a Rule 56 motion for summary judgment presented in the alternative provided sufficient notice to the non-moving party that the court may convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment). Additionally, there is evidence, which was noted by the district court, that the Appellants had actual notice that Appellees were seeking summary judgment. Appellant's submission to the court was entitled "Memorandum of Points of Law and Authorities in Opposition to Defendant's Motion for Summary Judgment" and summary judgment was mentioned in the body of the Memorandum. The district court did not err by converting the motion into a motion to dismiss and determining that the Appellants had notice that it was considering a motion for summary judgment. (Op. of the Dist. Ct. at 9 n. 5.)

5

* * * * *

We have considered all contentions raised by the parties and conclude that no further discussion is necessary. The district court correctly applied the <u>Younger</u> Abstention Doctrine to a motion for summary judgment validly before it. We will affirm.

———